DA 11-0142

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 267N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DENNIS M. SCHADLER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                  In and For the County of Lewis and Clark, Cause No. ADC 03-359
                  Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Dennis M. Schadler, Self-Represented, Deer Lodge, Montana

      For Appellee:

           Steve Bullock, Montana Attorney General; Mark Mattioli, Assistant Attorney
           General, Helena, Montana

           Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

                        Submitted on Briefs:  October 5, 2011

                                Decided:  October 27, 2011

Filed:

            _____
                            Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Dennis M. Schadler (Schadler) appeals the District Court's order denying his motion to receive credit for time served. We affirm.

¶3 Schadler beat up a cashier at a Helena area convenience store in December 2003 after being caught stealing a case of beer. Schadler entered a guilty plea to the charge of criminal endangerment. The District Court in Lewis & Clark County deferred imposition of sentence for three years.

¶4 The State filed a petition to revoke Schadler's deferred imposition of sentence five weeks later due to various violations of the District Court's conditions. The District Court revoked Schadler's deferred imposition of sentence in May 2004. The court instead committed him to the Department of Corrections (DOC) for a period of ten years, with six years suspended.

¶5 The State filed a petition to revoke the suspended portion of Schadler's sentence in Lewis & Clark County on May 5, 2009. Schadler had been arrested in connection with an assault and battery at the Burger King restaurant in Butte. The State alleged that Schadler and his cohort assaulted two Burger King employees with large flashlights. One of the victims refused, however, to submit to the robbery. Schadler fled. The Burger King

2

employee captured Schadler, who was still wearing a black ski mask, and knocked Schadler unconscious. Schadler had to be admitted to St. James Hospital due to his injuries. The State charged Schadler with robbery in Silver Bow County. The court set bond at $50,000.

¶6 The District Court in Silver Bow County committed Schadler to the DOC for a period of ten years, with five years suspended, in March 2010, following Schadler's guilty plea. The court further ordered that Schadler's sentence for the Silver Bow County robbery run concurrently "with the sentence imposed in Lewis & Clark County, DC-0359." The District Court in Silver Bow County granted Schadler a 349-day credit for time served.

¶7 The District Court in Lewis & Clark County eventually revoked Schadler's suspended sentence in September 2010. The District Court in Lewis & Clark County committed Schadler to the DOC for a period of six years. The court declined to give Schadler "credit for time served because the defendant was incarcerated for the offense committed in Silver Bow County, Montana, at the time the State's petition to revoke defendant's suspended sentence was filed on May 5, 2009, and thereafter."

¶8 Schadler filed a petition requesting credit for time served in the Lewis & Clark County case on January 10, 2011. The District Court denied Schadler's claim on the grounds that it lacked merit and that it was procedurally barred. Schadler appeals.

¶9 Postconviction proceedings remain subject to procedural bar. Section 46-21-105(2), MCA, provides that a district court may not consider in postconviction proceedings an issue that could have been raised, considered, or decided through a direct appeal. The State claims that Schadler could have raised this issue through a direct appeal. We have determined to

3

decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that § 46-21-105(2), MCA, bars Schadler's claim.

¶10  Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE